UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

GREGORY CRUZ, 08-A-0830,
                                        Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                                  09-CV-885
                          -v-                                     Consent[1]

                                                                  **Decision
                                                                  & Order**

SERGEANT WARNE, et al.,
                                        Defendants.

─────────────────────────────────

        Before the Court is the defendant's motion to dismiss the complaint (Docket No. 11).[1]


                                **BACKGROUND**

        Plaintiff, Gregory Cruz ("Cruz"), commenced this civil rights action pursuant to 42

U.S.C. § 1983 alleging excessive force at Orleans Correctional Facility ("Orleans") on December

11, 2008 (Docket No. 1).  He claims that defendant Sergeant Warne ("Warne") slammed him to

the floor after the plaintiff refused to go to the clinic. (Docket No. 1 at  4).  Shortly thereafter,

defendants Officer Weissenberg ("Weissenberg"), Officer Salmon ("Salmon") and John Doe

("Doe") allegedly dropped plaintiff on the pavement, causing lumps and scratches on his body

and cutting his eyebrow. Cruz claims that as the defendants walked him to the clinic, they started

kicking plaintiff in the stomach and upper body. (Docket No. 1 at 4).

─────────────

        [1]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this
case to the undersigned to conduct all proceedings in this case, including the entry of final
judgment (Docket No. 14).

                                        1

The defendants move to dismiss the complaint on the grounds that: (1) plaintiff failed to exhaust his administrative remedies, and (2) defendants are immune from suit under the Eleventh Amendment to the United States Constitution. (Docket No. 11).

## DISCUSSION

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).

In deciding a Rule 12(b)(6) motion, "the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." Associated Fin. Corp. v. Kleckner, No. 09 Civ. 3895(JGK), 2010 WL 3024746, at *1 (S.D.N.Y. Aug.3, 2010) (citing Chambers, 292 F.3d at 153). Because the plaintiff is proceeding *pro se*, the Court may also rely on the plaintiff's opposition papers in assessing the legal sufficiency of his claims. See Crum v. Dodrill, 562 F.Supp.2d 366, 373, n.13 (N.D.N.Y. 2008) (citing Gadson v. Goord, No. 96 Civ. 7544(SS), 1997 WL 714878, at *1, n.2

(S.D.N.Y. Nov.17, 1997)).  His *pro se* status also compels the Court to "read his supporting

papers liberally, and ... interpret them to raise the strongest arguments that they suggest." Burgos

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).


**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a),  states in

relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a). This administrative exhaustion requirement "applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Supreme

Court found that "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of

prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to

address complaints internally before allowing the initiation of a federal case," Nussle, 534 U.S. at

524-25. The act's "dominant concern [is] to promote administrative redress, filter out groundless

claims, and foster better prepared litigation of claims aired in court" id. at 528, and clarify the

contours of the controversy once it is litigated, id. at 525.  In Woodford v. Ngo, the Supreme

Court held that the exhaustion requirement of the PLRA cannot be satisfied by an "untimely or

otherwise procedurally defective administrative grievance or appeal," and that the PLRA requires

"proper exhaustion," which "means using all steps that the agency holds out, and doing so

properly (so that the agency addresses the issues on the merits)." 548 U.S. 81, 83-84, 90, 126

(2006) (internal quotation marks omitted).

Although exhaustion under the PLRA is an affirmative defense, not a jurisdictional requirement, see Jones v. Bock, 549 U.S. 199, 211 (2007) , a demonstrated failure to exhaust may be a basis for dismissal for failure to state a claim. See, e.g., Jones, 549 U.S. at 216, 127. The exhaustion requirement may, however,  be excused or justified under the following circumstances: "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as [sic] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir.2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir.2004)).


**Grievance Procedure**

The Department of Correctional Services ("DOCS")  maintains a three-tiered administrative review and appeals system for prisoner grievances. See N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") § 701.5. Prior to pursuing a § 1983 action in federal court, a prisoner in the DOCS system must exhaust all three levels. See Porter, 534 U.S. at 524. First, an inmate may file an inmate grievance complaint form or a written grievance, if forms are not available, with the Inmate Grievance Resolution Committee ("IGRC"). See 7 N.Y.C.R.R. § 701.5(a). Second, if the inmate is dissatisfied with the IGRC decision, he may appeal to the prison superintendent. See id. § 701.5(c). Finally, DOCS permits an inmate to appeal the superintendent's written decision to the Central Office Review Committee ("CORC"). See id. § 701.5(d).

On December 22, 2008, plaintiff filed an Inmate Grievance Complaint regarding the alleged assault by defendants Warne and three other officers. See Inmate Grievance Complaint Form (Docket No. 13, p. 7). His submissions indicate that his grievance relating to the assault (ORL#19295-08) was answered by the Superintendent on January 16, 2009, but was not appealed. See Letter from Karen Bellamy ("Bellamy Ltr.") dated 3/23/2009 (Docket No. 13, p. 9). Plaintiff again wrote to Karen Bellamy, the Director of the Inmate Grievance Program ("IGP") on April 1, 2009, complaining that he had inadvertently sent his grievance appeal to the IGP Supervisor at Southport Correctional Facility, where he was then being held, rather than directing the appeal to Orleans, where the issue originally arose. He included his appeal documents in that letter. See  Letter from Gregory Cruz ("Cruz Ltr.") dated 4/1/08 (Docket No. 13, p. 10). Bellamy returned plaintiffs documents, and advised him that he was previously given "specific direction by the IGP Supervisor to file your appeal at the facility where the grievance was originally filed," and noted that "appeals must be filed within the time frames set forth in Directive #4040." See Bellamy Ltr. dated 4/28/2009. (Docket No. 13, p. 11). Plaintiff has not produced copies of the documents showing his attempts at appealing grievance ORL#19295-08 to CORC.. See Letter from William Gonzalez dated 11/17/2009 (Docket No. 13, p. 13). Accordingly, he has not complied with all of the necessary procedural requirements for appealing his grievance because he did not file his appeal with the IGP Supervisor at the correct facility. Even if plaintiff were to have submitted his appeal to the IGP Supervisor at Orleans on January 25, 2009, as he contends, see Cruz Ltr. dated 4/1/2009 (Docket No. 13, p. 10), it would still have been beyond the applicable seven-day deadline under the grievance procedures. See N.Y.C.R.R. § 701.5(d). In failing to comply with the  applicable procedural rules with regard to his grievance

appeal, <u>see</u> <u>Woodford</u>, 548 U.S. at 90, plaintiff has failed to exhaust his administrative remedies.

The plaintiff asserts that he "tr[ied] to grieve this incident to the end" but that "issues" with the grievance supervisor prevented him from properly doing so, suggesting that the IGP Supervisor at Orleans did not forward the grievance appeal to CORC per DOCS regulations. (Docket No. 13, p.1). He has not shown, however, that any actions taken by DOCS officials conflicted with the available procedures at Orleans, thereby rendering them unavailable. <u>See</u> <u>Abney v. McGinnis</u>, 380 F.3d 663 (2d Cir. 2004); <u>see, e.g</u>, <u>Jeffers v. Goord</u>, 2005 WL 928628, *6 (N.D.N.Y. Apr.4, 2005) (Defendants may be estopped from raising non-exhaustion under the PLRA as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures). In the instant case, however, the record reflects that the plaintiff sent his appeal to the wrong facility and that he was subsequently advised to send his appeal papers to Orleans, where the assault allegedly took place. <u>See</u> Cruz Ltr. dated 4/1/2009 (Docket No. 13, p. 10). The plaintiff does not articulate the existence of any special circumstances which would justify his failure to comply with the grievance procedures. See  <u>Hemphill</u>, 380 F.2d at 690; <u>Giano v. Goord</u>, 380 F.3d 670, 677 (2d Cir.2004).

In sum, plaintiff  has not alleged facts sufficient to show that he exhausted his grievance. He also has not established the existence of any special circumstances which might excuse this failure. Accordingly, plaintiff's Complaint must be dismissed for failure to comply with the PLRA exhaustion requirements.

## CONCLUSION

Based on the foregoing reasons, defendants' motion to dismiss (Docket No. 11) is

granted. The Clerk of the Court is directed to close the case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.


*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 29, 2011